# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| IN RE: | * | CASE: 22-00118 MCF |
|---|---|---|
| | * | |
| **MARILYN GOMEZ VAZQUEZ** | * | **CHAPTER 13** |
| Debtor (s) | * | |

## NOTICE OF AMENDMENT OF PAYMENT PLAN

### TO THE HONORABLE COURT:

**COMES NOW** debtor through her legal representation and very respectfully states as follows:

1. That debtor filed for relief under 11 U.S.C. Chapter 13 of the Bankruptcy Code on January 21st, 2022.

2. Debtor is amending payment plan to correct the following sections:

    a) Section 3.2 To provide clarification of interest.
    b) Section 8 To eliminate clarification of interest.

3. Attached to this notice, debtor respectfully submits amended payment plan.

### *21 DAYS NOTICE*

Within twenty-one (21) days after service as evidence by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law. (2) The requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise. If you file a timely response, the court may-in its discretion-schedule a hearing.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this same date I electronically filed the foregoing document with the clerk of the court using the CM/ECF System which will send notification of such filing to the following: Chapter 13 Trustee, US Trustee and to all creditors registered to said system. On this same date, I have sent copy of said document by regular mail to all parties in interest that are non CM/ECF participants as of the creditor matrix attached hereto. This certificate of service is filed to comply with the Honorable Court's General Order 03-01 that requires that this certificate of service be filed no later than three (3) days after the service of the plan referred to above.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY:** On this same date I have filed this motion electronically with the Clerk of the Court using CM/ECF systems which will send notification of such to the Chapter 13 Trustee and that we have sent copy of this document through regular mail to all non CM/ECF participants interested parties to their a
address of record.

In Juncos, Puerto Rico this 16th day of June of 2022.

ADELA L TORRUELLA LAW OFFICE, PSC
PO BOX 4040 SUITE 305
JUNCOS, PR 00777
Tel: (787)713-1892
Cel: (787) 648-2335
adela4za@yahoo.com
ELECTRONICALLY FILED
S/ Adela L Torruella,
USDC- PR 200203

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| In Re: | Case No.: **22-00118 MCF** |
|---|---|
| **MARILYN GOMEZ VAZQUEZ** | Chapter 13 |
| xxx-xx-6498 | ☑ Check if this is a pre-confirmation amended plan |
| | ☐ Check if this is a post confirmation amended plan |
| **Puerto Rico Local Form G** | Proposed by: |
| | ☑ Debtor(s) |
| | ☐ Trustee |
| | ☐ Unsecured creditor(s) |
| **Chapter 13 Plan dated** June 16th, 2022 . | If this is an amended plan, list below the sections of the plan that have been changed. |
| | **SECTION 3.2 TO PROVIDE CLARIFICATION OF INTEREST** |
| | **PART 8 TO ELIMINATE CLARIFICATION OF THE INTEREST** |

## PART 1: Notices

To Debtor(s): This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

To Creditors: **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## PART 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make payments to the trustee as follows:

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| $365.00 | Months **1** through **60** | $21,900.00 | |

| Debtor | **MARILYN GOMEZ VAZQUEZ** | Case number | **22-00118 MCF** |
|---|---|---|---|

| Subtotals | 60 Months | $29,900.00 | |
|---|---|---|---|

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply*
- ☐ Debtor(s) will make payments pursuant to a payroll deduction order.
- ☑ Debtor(s) will make payments directly to the trustee.
- ☐ Other (specify method of payment): _____

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*
- ☐ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

- ☑ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.
  **$8,000.00 lumpsum payment in month 59 FROM SALARIES**

## PART3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*
- ☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

- ☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

- ☑ The Debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the Debtor(s) state that the value of the secured claim should be as set out in the column headed Amount of Secured Claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. If no monthly payment is listed below, distribution will be pro-rated according to section 7.2.

    The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

    The holder of any claim listed below as having value in the column headed Amount of Secured Claim will retain the lien on the property interest of the Debtor(s) or the estate(s) until the earlier of:

    (a) Payment of the underlying debt determined under nonbankruptcy law, or

    (b) Discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of Creditor | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Interest Rate % | Monthly PMT to Creditor | Estimated Total of Monthly PMTs |
|---|---|---|---|---|---|---|---|---|
| **POPULAR AUTO** | **$21,625.34** | **2018 TOYOTA YARIS** | **$17,175.00** | | **$19,094.71** (THIS AMOUNT ALREADY INCLUDES 4.25 % OF INTEREST) | | | **$19,094.71** |

*Insert additional claims as needed.*

### 3.3 Secured claims excluded from 11 U.S.C. § 506.

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

### 3.4 Lien Avoidance.

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

### 3.5 Surrender of collateral.

*Check one.*
☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

### 3.6 Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.

☑ Payments pursuant to 11 USC §1326(a)(1)(C):

| *Name of secured creditor* | *$ Amount of APMP* | *Comments* |
|---|---|---|
| **POPULAR AUTO** | **$100.00** | **2018 TOYOTA YARIS** |

*Insert additional claims as needed.*

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

### 3.7 Other secured claims modifications.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

☑ Secured claims listed below shall be modified pursuant to 11 U.S.C. § 1322(b)(2) and/or § 1322(c)(2). Upon confirmation, the trustee shall pay the allowed claim as expressly modified by this section, at the annual interest rate and monthly payments described below. Any listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2.

| Name of creditor | Claim ID# | Claim Amount | Modified interest rate | Modified term (*Months*) | Modified P&I | Property taxes (*Escrow*) | Property Insurance (*Escrow*) | Total monthly payment | Estimated total PMTs by trustee |
|---|---|---|---|---|---|---|---|---|---|

| Debtor | MARILYN GOMEZ VAZQUEZ | | | | | Case number | 22-00118 MCF | | |
|---|---|---|---|---|---|---|---|---|---|
| Name of creditor | Claim ID# | Claim Amount | Modified interest rate | Modified term (*Months*) | Modified P&I | Property taxes (*Escrow*) | Property Insurance (*Escrow*) | Total monthly payment | Estimated total PMTs by trustee |
| **MUEBLERIAS BERRIOS** | 3 | $715.36 ☑ To be paid in full 100% | | | | | | Starting on Plan Month | $715.36 |

*Insert additional claims as needed.*

## PART 4: Treatment of Fees and Priority Claims

4.1 **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's fees**
Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3 **Attorney's fees**

Check one.

☑ **Flat Fee:** Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

**OR**

☐ **Fee Application:** The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition: | $ 87.00 |
| Balance of attorney's fees to be paid under this plan are estimated to be: | $ 3,913.00 |
| If this is a post-confirmation amended plan, estimated attorney's fees: | $ |

4.4 **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6**

*Check one.*
☑ None. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

4.5 **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑ None. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

4.6 **Post confirmation property insurance coverage**
*Check one.*
☑ None. *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

## PART 5: Treatment of Nonpriority Unsecured Claims

5.1 **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

| Debtor | **MARILYN GOMEZ VAZQUEZ** | Case number | **22-00118 MCF** |
|---|---|---|---|

*Check all that apply.*

- ☐ The sum of $ .
- ☐ ____% of the total amount of these claims, an estimated payment of $____.
- ☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.
- ☐ If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $____.

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3  Other separately classified nonpriority unsecured claims.**
*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

**6.1**  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

**7.1  Property of the estate will vest in the Debtor(s) upon**

*Check the appliable box:*
- ☐ Plan confirmation.
- ☑ Entry of discharge.
- ☐ Other: _____

**7.2  Plan distribution by the trustee will be in the following order:**
(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – Arrearage payments
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

**8.1  Check "None" or list the nonstandard plan provisions**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

| Debtor | **MARILYN GOMEZ VAZQUEZ** | Case number | **22-00118 MCF** |
|---|---|---|---|

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

**8.2 This Section modifies LBF-G, Part 3: Retention of Lien: The lien holder of any allowed secured claim, provided for by the plan, in its Part 3, will retain its lien according to the terms and conditions required by 11 USC 1325(a)(5)(B)(i)(I) & (II).**

**8.3 THIS SECTION MODIFIES PART 4 SECTION 4.6 POST CONFIRMATION PROPERTY INSURANCE COVERAGE: DEBTOR WILL PROVIDE INSURANCE DIRECTLY TO CREDITOR POPULAR AUTO UPON MATURITY DATE OF INSURANCE ON 12/20/2023.**

**8.4 This Section modifies LBF-G, Part 2, Section 2.3: Income Tax Refunds to be used to fund the plan:** Tax refunds will be devoted each year, as periodic payments, to fund the plan until the plan's completion. The tender of such payments shall deem the plan modified by such amount, increasing the base without the need of further Notice, Hearing or Court Order. If the Debtor(s) need(s) to the use all or portion of such "Tax Refunds", Debtor(s) shall seek Court's authorization prior to any use of funds.

*Insert additional lines as needed.*

## PART 9: Signature(s)

| /s/ ADELA L TORRUELLA | Date | **June 16th, 2022** |
|---|---|---|
| ADELA L TORRUELLA USDCPR200203 | | |
| Signature of Attorney of Debtor(s) | | |

| /s/ MARILYN GOMEZ VAZQUEZ | Date | **June 16th, 2022** |
|---|---|---|
| MARILYN GOMEZ VAZQUEZ | | |

By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.

| | |
|---|---|
| MARILYN GOMEZ VAZQUEZ<br>HC 03 BOX 15660<br>AGUAS BUENAS PR 00703 | MUEBLERIAS BERRIOS<br>PO BOX 674<br>CIDRA PR 00739 |
| ADELA L TORRUELLA<br>ADELA TORRUELLA LAW OFFICES PSC<br>PO BOX 4040<br>SUITE 305<br>JUNCOS, PR 00777 | POPULAR AUTO<br>BANKRUPTCY DEPARTMENT<br>PO BOX 366818<br>SAN JUAN PR 00936-6818 |
| AEE<br>PO BOX 364267<br>SAN JUAN PR 00936-3508 | PR TELEPHONE CO<br>PO BOX 70367<br>SAN JUAN PR 00936-8367 |
| AT&T<br>C/O BANKRUPTCY<br>1801 VALLEY VIEW LN<br>FARMERS BRANCH TX 75234 | T-MOBILE<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY OK 73118 |

CITIFINANCIAL RETAIL SERVICES OF PR
PO BOX 71328
SAN JUAN PR 00936-8428

CLARO
PO BOX 70366
SAN JUAN PR 00936

CLARO
PO BOX 360998
SAN JUAN PR 00936-0998

FIRST BANK
PO BOX 9146
SAN JUAN PR 00908-0146

ISLAND FINANCE
PO BOX 195369
SAN JUAN PR 00919-5369